# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAULA KARAS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. <br> ) 10-40178-FDS |
| COMMONWEALTH OF MASSACHUSETTS, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons set forth below, the Court will (1) allow plaintiff's motion to proceed *in forma pauperis*; (2) deny plaintiff's motion for investigation; (3) deny plaintiff's motion for speedy trial; and (3) grant defendant's motion to dismiss for failure to state a claim.

## I. Background

On September 9, 2010, Paula Karas, a resident of Milford, Massachusetts, submitted a self-prepared, one-page complaint naming the Commonwealth of Massachusetts as the defendant. With her complaint, Karas filed an affidavit of facts as well as three motions seeking (1) to proceed *in forma pauperis*; (2) to require an investigation by the Central Intelligence Agency; and (3) a speedy trial under the Sixth Amendment to the United States Constitution. Through this action, Karas seeks redress for the alleged violation of her constitutional rights during care and protection proceedings in which she was deemed unfit to be a parent. Karas contends that her "rights as a domestic violence[,] stalking and terrorism victim have been violated under the United

States Constitution by the State of Massachusetts as no injunctive relief was brought to the victim in this case." *See* Complaint at 1.

Although summons were not issued, the Commonwealth filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff has not filed an opposition to defendant's motion.

## II. Discussion

### A. Motion to Proceed *In Forma Pauperis*

Plaintiff has filed a motion to proceed *in forma pauperis* and an affidavit of indigence. With her affidavit of indigence, she submitted a document from the Social Security Administration stating that she receives social security and supplemental security benefits based upon her disability. On this record, the motion to proceed *in forma pauperis* will be granted.

### B. Screening Authority of Court

Because plaintiff seeks to file this complaint without prepayment of the filing fee, the Court will review plaintiff's complaint to determine if it satisfies the substantive requirements of federal law. *See* 28 U.S.C. § 1915. Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief." *Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008); *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st

Cir. 2008) ( quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "A plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1965. Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi*, 513 F.3d at 305 (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)). *Pro se* plaintiffs, however, are held "to less stringent standards" than the formal pleadings of lawyers. *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Baxter v. Conte*, 190 F. Supp. 2d 123, 126 (D. Mass. 2001).

**C.** **Federal Courts Are Not Authorized to Conduct or Compel Criminal Investigations**

To the extent plaintiff seeks to have this Court initiate a criminal investigation and/or order the CIA to conduct an investigation, such relief cannot be granted in this case. Federal courts are not authorized to conduct or compel criminal investigations. Under the Constitution, it is the executive branch of the federal government, not the judicial branch, that is responsible for conducting criminal investigations and bringing criminal charges if warranted. The Constitution precludes the federal courts from interfering in these responsibilities of the executive branch. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000) ("The decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced."). Thus, plaintiff's motion for an order directing the Central Intelligence Agency to investigate a case will be denied.

3

### D. The Complaint Fails to State a Claim Upon Which Relief Can Be Granted

The complaint, even when read in conjunction with the accompanying affidavit and motions, fails to meet the basic pleading requirements set forth in the Federal Rules of Civil Procedure. Rule 8(a) requires a plaintiff to include in a complaint, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), such that the defendant is afforded a "meaningful opportunity to mount a defense." *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)). "In a civil rights action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal . . . 'minimal requirements are not tantamount to nonexistent requirements.'" *Id.* (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)).

Thus, under Rule 8, a plaintiff must plead more than a mere allegation that the defendants have harmed her. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation," quoting *Twombly*, 550 U.S. at 555). *See Chiang v. Skeirik*, 582 F.3d 238, 244 (1st Cir. 2009) ("'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' (citing *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. at 1949)).").

Even under a generous reading, the complaint fails to meet the minimum pleading standards to state a cognizable claim against the Commonwealth. Plaintiff's pleadings consist of a recounting of several actions she has taken in an effort to secure relief. Even with a close reading, the factual allegations are not entirely clear. Plaintiff's assertions that she is a victim seeking an injunction is insufficient to set forth claims against the defendant.

Accordingly, for the reasons set forth above, this Court finds that the complaint fails to state a claim upon which relief can be granted. The complaint is therefore subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6).

### III. Conclusion

Accordingly, it is hereby ORDERED as follows:

1. Plaintiff's motion to proceed *in forma pauperis* is GRANTED;

2. Plaintiff's motion for an order to direct the Central Intelligence Agency to investigate a case and her motion for a speedy trial are DENIED; and

3. Defendant's motion to dismiss is GRANTED.

The Clerk shall enter a separate, final order of dismissal.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 17, 2010